**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SCOTT MURRAY,<br><br>                Defendant | Criminal Case No. 1:24-cr-10160-DJC |

## ASSENTED-TO MOTION TO FILE UNDER SEAL PORTIONS OF ROBERT SCOTT MURRAY'S SENTENCING MEMORANDUM AND CERTAIN EXHIBITS

Pursuant to Local Rules 7.2(a) and 83.6.11 for the United States District for the District of Massachusetts, Defendant Robert Scott Murray ("Mr. Murray") respectfully moves for permission to file under seal portions of his sentencing memorandum and certain supporting exhibits. Counsel for the government has informed undersigned counsel that the government assents to this motion.

The material requested to be filed under seal or redacted contains information of a highly sensitive nature including sensitive personal and medical information concerning Mr. Murray and his family, and the contact and other personal information of individuals who have submitted letters in support of Mr. Murray. Mr. Murray requests that this information remain sealed or redacted until further order of the Court.

Under Local Rule 7.2(a), materials may be filed under seal upon a showing of "good cause." Under Local Rule 83.6.11(b), the Court "may redact or protect" certain types of materials by filing the information under seal. When ruling upon such a request under Local Rule 7.2(a), the Court "must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (citing *Siedle v. Putnam Investments Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

The privacy rights of defendants and third parties constitute a significant countervailing interest that can overcome the presumption of access. *Kravetz*, 706 F.3d at 59 (citing *Siedle*, 147 F.3d at 10). Courts analyzing whether privacy interests overcome the presumption of access "consider the degree to which the subject matter is traditionally considered private rather than public." *Kravetz*, 7-6 F.3d at 62. If the information at issue implicates traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications," and similar conduct, privacy interests will "weigh more heavily against access." *Id.* (quoting *United States v. Amodeo*, 71 F.3d at 1051). Likewise, medical information is "universally assumed to be private, not public." *Id.* at 63; *see also United States v. Kravetz*, 948 F. Supp. 2d 89, 92-93 (D. Mass. 2013) (ordering portions of defendant's sentencing memorandum and attached letters discussing the defendant's and third parties' medical history redacted). Similarly, third-party privacy interests are particularly protected from access because they constitute "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *Kravetz*, 706 F.3d at 62 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

Here, Mr. Murray proposes to protect his private medical information, and sensitive personal information and private medical information relating to his children. Disclosure of this information would cause severe injury to the privacy interests of Mr. Murray and his family members. Additionally, Mr. Murray proposes to protect the contact information and personal information for those who have submitted letters in support of Mr. Murray. The interest in sealing this private information related to Mr. Murray, his family members, and third parties outweighs the presumption of public access. For these reasons, Mr. Murray respectfully requests that the Court grant his motion to file under seal portions of his Sentencing Memorandum and supporting exhibits.

Dated: October 16, 2024

Respectfully Submitted,
BY HIS ATTORNEYS

*/s/ Cory S. Flashner*

Cory S. Flashner (BBO # 629205)
John F. Sylvia (BBO # 555581)
Evelyn Limon (BBO #699513)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
CSFlashner@Mintz.com
JFSylvia@mintz.com
ELimon@mintz.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(2) the undersigned certifies that the attorneys for the Defendant have conferred with the attorney for the Government and the Government assents to this motion.

*/s/ Cory S. Flashner*

Cory S. Flashner (BBO #629205)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1605
CSFlashner@mintz.com

## **CERTIFICATE OF SERVICE**

  I, Cory S. Flashner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and to the United States Probation Department via email.

           */s/ Cory S. Flashner*

           Cory S. Flashner (BBO #629205)
           MINTZ, LEVIN, COHN, FERRIS,
           GLOVSKY AND POPEO, P.C.
           One Financial Center
           Boston, MA 02111
           (617) 348-1605
           CSFlashner@mintz.com